NO. 07-03-0272-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 11, 2003
_____

ROBERT GAIL TALMO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 15114; HON. DAVID L. GLEASON, PRESIDING
_____

*DISMISSAL*

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant, Robert Gail Talmo, appeals his conviction for Summary Criminal Direct Contempt of Court. We dismiss the proceeding for lack of jurisdiction.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

The Order of Contempt, from which appellant is appealing, indicates that sentence was imposed on April 16, 2003. Appellant then filed a notice of appeal on June 2, 2003. No motion for new trial was filed.

To be timely, a notice of appeal must be filed within 30 days after the sentence is imposed or suspended in open court or within 90 days after that date if a motion for new trial is filed. TEX. R. APP. P. 26.2(a). Thus, appellant's notice of appeal was due to be filed on or about May 16, 2003, but was not filed until June 2, 2003. Furthermore, he did not move for an extension of the deadline.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If the notice is not timely, then the court of appeals can take no action other than to dismiss the proceeding. *Id*. at 523. Because appellant's notice of appeal was untimely filed, we have no jurisdiction to consider the appeal.

Accordingly, the appeal is dismissed.

Per Curiam

Do not publish.

2